## MARKS v. WILLIAMS. (No. 7700.)

(Court of Civil Appeals of Texas. Dallas. Feb. 17, 1917. Rehearing Denied March 17, 1917.)

EVIDENCE ☞317(7)—HEARSAY EVIDENCE.

Testimony by plaintiff and his wife as to receipt of money by defendant, based solely upon information received by them from a third party was inadmissible as hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1180.]

Appeal from Hill County Court; J. D. Stephenson, Judge.

Action by J. V. Williams against J. H. Marks. From judgment for plaintiff, defendant appeals. Affirmed on condition.

J. J. Averitte, of Hillsboro, for appellant. Geo. W. Dupree, of Hillsboro, for appellee.

RAINEY, C. J. Williams and Marks, during the year 1914, cultivated a farm together. Williams boarded Marks most of the year for $10 a month. At the end of the year there was due Williams, as he alleges, the sum of about $125, as follows: $80 for board of Marks, one-half for tools, merchandise, etc., purchased and charged to Williams, $34.64, and for one-half cotton sold by Marks $11.82, making a total of $126.56, for which Williams sues. Marks pleaded general and special exceptions, general denial, and plea in abatement that suit was prematurely brought. A trial resulted in the overruling of the exceptions and plea in abatement, and judgment on special issues for Williams in the sum of $125.56, from which Marks appeals.

Several assignments of error are presented, but we find no reversible error, except in the third and fourth, which complain of the court's action in not striking out the testimony of J. V. Williams and his wife, both of whom testified as to $11.82 received by Marks in collecting the proceeds of nine bales of cotton. Both testified on direct examination that said sum was due and owing by Marks, but on cross-examination, they testified, in substance, that they did not see it sold, did not receive the proceeds of sale, but depended on figures made by one Carmichael, and had no other information for their knowledge. After their testimony on cross-examination, Marks moved to strike out the testimony of each, as it was shown that they were testifying, not from their personal knowledge, but from what they learned from another. The court overruled said motion to strike out said evidence and permitted it to go to the jury. This ruling was clearly erroneous, and said testimony as to the $11.82 should have been excluded from the jury. As no other person testified on this point, there was no evidence supporting this item, and it should not have been found in favor of Williams, but if Williams will remit the $11.82 within ten days, the judgment will be reformed and affirmed, to bear 6 per cent. interest, but if not, the judgment will be reversed and cause remanded.